IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD RAY WEST, )<br>#24021697, )<br> )<br>    Petitioner, )<br> )<br>VS. )<br> )<br>JOHN CREUZOT, ET AL., )<br> )<br>    Respondents. ) | CIVIL ACTION NO.<br><br>3:24-CV-3165-G-BT |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the court.  By separate judgment, the petitioner's federal habeas petition will be **DISMISSED** because *Younger v. Harris*, 401 U.S. 37 (1971) precludes federal jurisdiction over the petitioner's challenges to his ongoing state criminal proceedings, and because the petitioner did not exhaust available state court remedies before filing his application for federal habeas relief under 28 U.S.C. § 2241.

The court notes that, after the United States Magistrate Judge issued her recommendation, the petitioner did not file objections but instead filed a document in which he claims that he is currently exhausting his state remedies. *See* docket entry 8. To the extent that this document could be liberally construed as a motion to stay this action pending the petitioner's exhaustion of state remedies, the motion is **denied**.

First, regardless of whether the petitioner exhausts his claims, for the reasons explained in the Magistrate Judge's recommendation – which the petitioner does not challenge – *Younger v. Harris* requires the court to abstain from exercising jurisdiction over this action. See, *e.g.*, *Kolski v. Watkins*, 544 F.2d 762, 765 (5th Cir. 1977) (applying the *Younger* abstention doctrine to pretrial habeas petition and noting "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial"); *Prather v. Gonzalez*, 2024 WL 5159728, at *2 (S.D. Tex. Dec. 17, 2024) ("While Prather's failure to exhaust his state-court remedies requires dismissal of his [§ 2241] petition, the Court also notes that even if Prather could show that he had satisfied the exhaustion requirement, it would decline to exercise jurisdiction under *Younger v. Harris*, 401 U.S. 37, 54 (1971).").

Second, even putting *Younger* abstention aside, stays are only available in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). "Because

granting a stay effectively excuses a petitioner's failure to present his claims first to state courts, stay and abeyance is only appropriate when the district court determines that there [is] good cause for the petitioner's failure to exhaust his claims [first in state court]." *Id.* at 277.

Here, the petitioner does not attempt to establish good cause for a stay, so he is not entitled to one.

In sum, the court **accepts** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. By separate judgment, the petitioner's federal habeas petition will be **DISMISSED**. The petitioner's construed motion for a stay in these proceedings so that he can exhaust his state court remedies (docket entry 8) is **DENIED**.

**SO ORDERED**.

March 11, 2025.

_____
**A. JOE FISH**
**Senior United States District Judge**